OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter should be remitted to the Appellate Division for review of the discretion exercised by Special Term in denying the motion (CPLR 3212, subd [f]).
Defendant argues that the deposition of plaintiff’s president contained sufficient factual data to require denial of plaintiff’s motion for summary judgment. It did establish from his mouth the desperate financial condition of the corporation and thus a motive for arson. Likewise it detailed the facts that though there were no such containers on the premises when he locked up the evening before the fire, after the fire the police sergeant had brought to him from inside the premises a glass container he had never seen before and inquired of him “do you know of anyone who would do anything like this to you, do you have any enemies?”, thus suggesting that the fire was incendiary in origin. Evidence of motive and incendiary origin without more is sufficient to defeat an insured’s motion for summary judgment in an action on its fire insurance policy (V.F.V. Constr. Co. v Aetna Ins. Co., 56 AD2d 598).
The affidavit of defendant’s attorney, which detailed what the police sergeant had discovered as to the incendiary origin of the fire and why an affidavit could not be obtained from the sergeant, was sufficient to authorize Special Term’s denial of plaintiff’s motion under CPLR 3212 (subd [f]). That subdivision does not require a specific request for its implementation. Though the making of such a request is certainly the more cautious tactic, all that the subdivision requires is that an affidavit make it appear “that facts essential to justify opposition may exist but *921 cannot then be stated”. By hypothesis, therefore, the subdivision contemplates an affidavit detailing hearsay and the reason why it cannot be presented in admissible form. Moreover, bearing in mind that the subdivision is intended to protect the party “in opposition to the motion,” we think the Appellate Division’s emphasis on the fact that defendant had had time to obtain disclosure pursuant to CPLR 3101 is misplaced, especially in a case such as the present in which although the action was begun in September, 1976, plaintiff’s motion for summary judgment was not made until March, 1979, and then not until after a CPLR 3216 demand had been made by defendant. To require defendant in order to protect itself against a summary judgment motion to have taken the deposition of the police sergeant instead of simply awaiting his testimony under subpoena at the trial is to give plaintiff a disclosure advantage not contemplated by the CPLR. Indeed, it is just such tactics as plaintiff’s summary judgment motion on the eve of a trial, which plaintiff could long since have sought, that CPLR 3212 (subd [f]) was intended to protect against (cf. Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 192).
Because defendant’s papers were sufficient to require invocation of the protection of subdivision (f) against the granting of plaintiff’s motion, the Appellate Division order was in error. But because that subdivision authorizes either a denial, a continuance or such other order as may be just, and the Appellate Division exercises the same discretion as does Special Term, the matter should be remitted to the Appellate Division for its review of the discretion exercised.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.