## (September 23, 1982)

■ R. C. S. FARMERS MARKETS CORPORATION, Appellant, v GREAT AMERICAN INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered October 31, 1979 in Ulster County, which denied plaintiff's motion for summary judgment. In this action to recover the proceeds of a fire insurance policy, plaintiff insured has submitted *proof of loss and compliance with the notice requirements of the policy.* Defendant insurer has refused payment upon the grounds that plaintiff, through its president, willfully concealed or misrepresented pertinent facts and increased the hazard of fire within the premises. Plaintiff's motion for summary judgment was denied by Special Term and on appeal this court reversed, granting the motion on the ground that defendant's tender of proof in opposition to the motion was inadequate (82 AD2d 1000). The Court of Appeals reversed, holding that defendant was entitled to the protection of CPLR 3212 (subd [f]) (56 NY2d 918). Noting that CPLR 3212 (subd [f]) authorizes either a denial, a continuance or other relief as may be just, the Court of Appeals remitted the matter to this court for a review of the discretion exercised by Special Term in denying the motion. Initially, we *again note that the motion* papers establish that defendant engaged the services of one or more investigators to determine the cause and origin of the fire and that others employed by defendant initiated an immediate investigation into the circumstances of the

loss. Yet in opposition to plaintiff's motion defendant made no mention of the results of these investigations.[*] Having failed to lay bare essential facts in its possession, defendant is not entitled to the full benefit of CPLR 3212 (subd [f]). Moreover, the critical element in defendant's case — whether the fire was of incendiary origin — may depend entirely upon the results of the investigation of Police Sergeant Luedeke. Since the results of this investigation may determine whether a trial on all the issues is necessary, outright denial of plaintiff's motion seems inappropriate at this time. Under these circumstances, defendant should be granted a continuance for the purpose of submitting additional affidavits establishing the scope and results of its investigation into the origin of the fire and to permit defendant to have disclosure concerning Police Sergeant Luedeke's investigation (CPLR 3212, subd [f]). Special Term's order should be modified accordingly. Order modified, on the law and the facts, by deleting so much thereof as denied plaintiff's motion for summary judgment and by substituting therefor a provision granting defendant a continuance for the purpose of submitting affidavits establishing the scope and results of its investigative efforts concerning the origin of the fire and to permit defendant to have disclosure concerning Police Sergeant Luedeke's investigation into the origin of the fire, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

[*] In support of its motion to reargue in this court, defendant finally submitted an affidavit from an investigator. The affidavit, however, is patently inadequate to establish the scope and results of defendant's investigative efforts.