■ GERALD WEED, Doing Business as COUNTRY WOODSHED, Appellant, v AMERICAN HOME ASSURANCE COMPANY, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered July 9, 1981 in Tioga County, upon a verdict rendered at Trial Term (Fischer, J.). This is an action to recover money damages arising as a result of the alleged breach of a fire insurance contract issued by defendant to plaintiff. The building insured and its contents were completely destroyed by fire on March 16, 1980. Defendant's answer generally denied the allegations of the complaint and affirmatively alleged that the fire was intentionally caused or procured by plaintiff. Following a trial the jury returned a verdict in favor of defendant of no cause for action. This appeal ensued and plaintiff contends that defendant failed as a matter of law to establish the affirmative defense, and in the alternative that the verdict was against the weight of the evidence. Plaintiff also alleges error in the court's charge. The record reveals that plaintiff became sole owner of the property, a tavern, in 1978 after acquiring various interests of other members of his family. The record further reveals that at the time of the fire the

property was up for sale and there had been no written offers to buy for approximately three months prior to the fire; that the indebtedness on the building at the time of the fire was approximately $35,000, and that during the year preceding the fire the tavern sustained a financial loss of $1,558 even though plaintiff received no salary. The record also reveals that there was expert testimony that the origin of the fire was not accidental but rather incendiary in nature and an accelerant was found in the area isolated approximately 10 to 15 feet from the oil tank in the basement of the tavern. Other testimony described the fire as a rapid blaze that went through the building quickly. There was no contrary testimony as to the incendiary nature of the fire. Finally, it was established that plaintiff and another were the last ones to leave the building a little after 3:00 A.M. on March 16, 1980 and the flames were first seen about one hour later. Concededly, the evidence was largely circumstantial. It has long been recognized, however, that direct proof of arson is seldom available and, therefore, can be established in civil cases by circumstantial evidence (*Shawanga Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 57 AD2d 677, mot for lv to app den 43 NY2d 643). This court must consider the evidence in the light most favorable to defendant, the successful party (*Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379), and not disturb the verdict unless we find that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). We find no such basis to disturb the verdict herein. In our view, the record reveals ample circumstantial evidence to sustain the verdict. We have considered plaintiff's arguments concerning ascribed errors in the charge and find them unpersuasive. Considering the charge in its entirety, we are of the view that the court fairly, adequately and clearly presented the issues and the law (see *Kalish v Krieger,* 42 AD2d 955, affd 35 NY2d 865). There should be an affirmance. Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.