■ BRUCE M. LOTT, JR., Respondent, v AETNA LIFE AND

860

CASUALTY COMPANY, Appellant, and DANA J. CORNELIUS, Respondent.—Kane, J. P.

On September 11, 1985, defendant Aetna Life and Casualty Company (hereinafter Aetna) issued a standard fire insurance policy to defendant Dana J. Cornelius, covering certain residential premises on Lower Footes Hill Road in the Town of Montour, Schuyler County, in which plaintiff, the owner of record, was named as an additional insured.

Cornelius was the contract vendee of the subject premises pursuant to the terms of a contract executed the same day as the insurance policy, wherein plaintiff was named as the contract vendor. The instrument was executed by plaintiff's father, Bruce Lott, Sr., who signed his son's name to the contract representing to Cornelius that he was vested with the authority to sign his son's name. On January 30, 1986, the premises were destroyed by fire. Claims for loss sustained as a result of the fire were duly filed by plaintiff and Cornelius but were rejected. Aetna disclaimed liability under the terms of the policy alleging a breach of the conditions of coverage by the insureds. In particular, Aetna contended that the insureds willfully concealed and misrepresented material facts as to their interests in the premises. Additionally, Aetna contended that the fire was of incendiary origin, and thus, in its view, the happening of the loss was increased by means within the knowledge and control of the insureds.

After the completion of discovery and the joinder of issue in the within action, plaintiff moved for summary judgment and Cornelius cross-moved for summary judgment claiming that Aetna's affirmative defenses of, *inter alia,* arson, willful concealment and misrepresentation, absence of contract of insurance and lack of insurable interest should be stricken. Supreme Court granted judgment dismissing Aetna's affirmative defenses and directed judgment in favor of plaintiff and Cornelius on the policy against Aetna. It also directed a hearing to determine the amount of damages to be recovered. We conclude that the record demonstrates the presence of factual issues sufficient to defeat a motion for summary judgment and, accordingly, we must reverse.

As to the defense of arson, ample evidence to supply the requisite motive for arson is found in the submission of the

abstract of title to the premises showing nonpayment of taxes for a five-year period, liens of judgments on the property and the commencement of an action to foreclose a delinquent mortgage thereon. Motive is also found through examination of the circumstances disclosed by the past history, previous dealings and present financial conditions of Cornelius and plaintiff's father. The incendiary origin of the fire is also demonstrated by the testimony of Cornelius and plaintiff's father in their preliminary examination as to the fire loss and their subsequent examinations before trial, together with the formal response to the demand of Cornelius for the identity of and the contents of expert proof to be presented by Aetna. Such proof, standing alone, is sufficient to defeat an insured's motion for summary judgment in an action on its insurance policy *(see, V. F. V. Constr. Co. v Aetna Ins. Co.,* 56 AD2d 598). Supporting proof may be found in the affidavit of Aetna's investigating claims representative, wherein she offered to submit to Supreme Court for an in camera inspection Aetna's expert's report and findings on the issue of arson. Although this offer was not accepted by the court, the reason for its submission in this form is sufficient to trigger the provisions of CPLR 3212 (f) and provide additional grounds for the denial of the motion for summary judgment *(see, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.,* 56 NY2d 918, 921).

Moreover, based upon the testimony of plaintiff at an examination before trial wherein he denied any claim for himself in the proceeds of the insurance and identified his father as the "real owner", an issue of fact is raised as to the insurable interest of plaintiff in the policy at issue *(see,* Insurance Law § 3401; *see also, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 31, *affd* 49 NY2d 924).

Order reversed, on the law, without costs, and motion and cross motion denied. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.