■ J. Arthur Torian, Appellant, v Reliance Insurance Company et al., Respondents.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered September 6, 1989 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff sought to recover from defendants for damages sustained to his office building and its contents due to a fire which occurred on March 13, 1987. Defendants rejected plaintiff's claim on the ground that he had willfully concealed or misrepresented material facts and had increased the fire hazard by means within his control in violation of the insurance policies, thus voiding defendants' coverage. Following a jury trial, a verdict was returned in defendants' favor. The jury found that plaintiff set the fire intentionally. This appeal ensued.

Plaintiff challenges the adequacy of proof of arson. It was defendants' burden to establish the affirmative defense of arson *(see, Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255, 256) by clear and convincing evidence *(see, Home Ins. Co. v Karantonis,* 156 AD2d 844, 845). In reviewing plaintiff's claim we must consider the evidence in the light most favorable to defendants, the successful parties *(see, Weed v American Home Assur. Co.,* 91 AD2d 750). The evidence disclosed that plaintiff was the last person to leave his office on March 12, 1987, between 11:00 P.M. and midnight. Immediately before, a handyman, Ted Morris, had been called to relight the pilot light on the water tank located in the building's basement. This was done using a wad of rolled up paper which was then put out. After Morris' departure, the building was secured shut by plaintiff, who together with his secretary had the only two sets of keys to the building. At about 1:00 A.M. the fire department was summoned to the property by a neighbor. The building was enveloped in fire and smoke. Upon arrival, the firefighters found the building still secured shut, requiring them to break in. The fire was emanating from the basement

and was put out by 3:00 A.M. Expert testimony located the source of the fire in an area some six feet away from the water tank.

Defendants' expert opined that the charring patterns in the basement, the rapid acceleration of the fire and the presence of an accelerant in the area indicated that arson was involved. Plaintiff contends that such opinion was speculative and not sufficient to prove the incendiary nature of the fire. We disagree. The witness's expertise was amply demonstrated in the record and the opinion evidence was properly admitted for the jury's consideration. The presence of plaintiff at the scene shortly after the fire was discovered and the discrepancies in his testimony all lend support to the conclusion that plaintiff had the opportunity to start the fire. In addition, evidence of motive was supported by way of plaintiff's negative financial condition, his increase of insurance coverage on the building's contents shortly before the fire and the imminent expiration of the insurance coverage on the building.

Plaintiff also contends that Supreme Court improperly admitted evidence of collateral matters which unduly prejudiced him, specifically, plaintiff's relationship with his wife, his delinquency in mortgage payments, cancellation of his insurance coverage, where he was residing at the time of the fire and facts relating to a loan application made by him after the fire. We note that plaintiff's counsel failed to object to the admission of this evidence and, thus, the issue is not preserved for judicial review. In any event, were we to address this issue, we would find the inquiry justified. Facts are not collateral if they are relevant to some issue in the case (3A Wigmore, Evidence § 1004, at 965 [Chadbourn rev 1970]). Where the issue of motive, opportunity and financial status is implicated, as it was in the instant case, inquiry on matters relevant thereto is permissible.

Order and judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.