■ 3910 SUPER K, INC., et al., Respondents-Appellants, v PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY et al., Appellants-Respondents, et al., Defendant. [631 NYS2d 364] —In an action, *inter alia,* to recover the proceeds of a fire insurance policy, (1) the defendants appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 28, 1991, which denied their motion for partial summary judgment, and (2) the plaintiffs appeal from a judgment of the same court (Garry, J.), dated October 29, 1991, which, after a jury trial, was in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order dated May 28, 1991, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

When the plaintiffs' supermarket was damaged by fire, they sought to recover under a policy of insurance issued by the defendant Pennsylvania Lumbermens Mutual Insurance Company (hereinafter Pennsylvania Lumbermens). Pennsylvania Lumbermens denied the claim and the plaintiffs commenced this action against Pennsylvania Lumbermens and against the insurance adjusting company and individual adjusters who evaluated their claim. After a jury trial, a judgment was entered in favor of the defendants. Contrary to the plaintiffs' contention, the defendants met their burden of proving their affirmative defenses of arson and fraudulent misrepresentation. The defendants presented clear and convincing evidence that the fire was incendiary in origin, and that the plaintiffs had a motive and the opportunity to commit the crime *(see, Torian v Reliance Ins. Co.,* 171 AD2d 971; *Home Ins. Co. v Karan-*

*tonis,* 156 AD2d 844; *Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255).

A New York City Fire Marshal and a private fire investigator ruled out all accidental and natural causes. The evidence showed that the fire had two points of origin, one in cartons of paper goods stacked in the aisles. The burn pattern indicated the use of an accelerant, the store's alarm had been partially disabled, there were no signs of forced entry and, at the time of the fire, the business was experiencing serious financial difficulties *(see, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.,* 56 NY2d 918; *Home Ins. Co. v Karantonis, supra; Torian v Reliance Ins. Co., supra).* The affirmative defense of false swearing was established by evidence that the plaintiffs submitted an insurance claim which overstated the value of lost merchandise, and gave false testimony at the examination under oath, among other things, as to the financial condition of the business. Nor should the verdict be set aside as against the weight of the evidence since it was based on a fair interpretation of the proof presented at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129).

The court properly denied the plaintiffs' motion for a mistrial based on the defense counsel's comment during his opening statement that the evidence would show that the fire was intentionally set. The rule barring witnesses from testifying that a fire was an arson did not preclude counsel's comment and, in any event, is inapplicable in civil cases *(see, Torian v Reliance Ins. Co.,* 171 AD2d 971, *supra; cf., People v Capobianco,* 176 AD2d 815; *People v Abreu,* 114 AD2d 853).

The plaintiffs' motion to, *inter alia,* set aside the verdict based on newly discovered evidence is the subject of a separate appeal, decided herewith *(see, 3910 Super K v Pennsylvania Lumbermens Mut. Ins. Co.,* 219 AD2d 588).

The plaintiffs' remaining contentions are without merit. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.