■ CLARENCE J. ASHLINE, JR., Respondent, v GENESEE PATRONS COOPERATIVE INSURANCE COMPANY, Appellant. [638 NYS2d 217] —Mercure, J. Appeals (1) from a judgment and an amended judgment of the Supreme Court (Ryan, Jr., J.), entered February 6, 1995 and July 5, 1995 in Clinton County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered July 5, 1995 in Clinton County, which denied defendant's motion to set aside the verdict.

In May 1991, defendant issued a fire insurance policy covering plaintiff's real property. On August 25, 1991, during the effective period of the policy, a fire destroyed plaintiff's barn and its contents. Defendant denied the ensuing claim upon the grounds that the fire had been intentionally set and that plaintiff violated policy provisions by concealing material facts and by failing to cooperate with defendant, prompting plaintiff to bring this action for breach of the insurance contract. Following trial, a jury rendered a verdict in favor of plaintiff, and Supreme Court denied defendant's subsequent motion to set aside the verdict. Because we agree with defendant that Supreme Court erred in dismissing its affirmative defenses alleging arson and breach of the policy's cooperation clause, we shall reverse the judgment in favor of plaintiff and remit the matter for a new trial.

Turning first to the arson defense, the trial evidence showed that, at the time of issuance of the subject policy, plaintiff operated a dairy farm, with a herd of approximately 40 milking cows and 35 to 40 heifers. However, in June 1991, plaintiff sold all of the milking cows, thereby eliminating his $2,500 to $4,500 monthly income from milk production. By the time of the fire, plaintiff had defaulted on payment of the policy premiums and received notice that the coverage was due to be terminated very shortly thereafter. Mortgages on the property totaled in excess of $170,000, and plaintiff had outstanding judgments of $108,666 and owed back taxes of over $15,000. In addition, a lawsuit was then pending against plaintiff which ultimately resulted in an additional judgment of nearly $43,000. Finally, the evidence showed that plaintiff had sustained a fire loss only two years earlier for which he received approximately $3,300. Under the circumstances, we conclude that the evidence amply supported a finding that plaintiff had a financial motive for arson (see, Torian v Reliance Ins. Co., 171 AD2d 971; Lott v Aetna Life & Cas. Co., 140 AD2d 859, 860-861; Weed v American Home Assur. Co., 91 AD2d 750).

There was also ample testimony to support a finding that the blaze was deliberately set. Plaintiff testified that, no more than 30 minutes prior to the outbreak of the fire, he attached a battery charger to a tractor that was parked in the barn. However, defendant's expert essentially eliminated the battery charger and attached electrical wires as a contributing factor and testified that the burn pattern established a source underneath and in front of the tractor, where there should have been nothing but a bare concrete floor. Based upon his investigation, the expert testified without reservation that the fire was not caused by accidental or natural causes but was caused by human intervention (see, 3910 Super K v Pennsylvania Lumbermens Mut. Ins. Co., 219 AD2d 589; cf., Hutt v Lumbermens Mut. Cas. Co., 95 AD2d 255, 256). Under the circumstances present here, including plaintiff's undisputed presence in the barn no more than 30 minutes prior to the discovery of the fire (see, Triggs v Kelly, 182 AD2d 963, 965; Torian v Reliance Ins. Co., supra; Weed v American Home Assur. Co., supra) and notwithstanding the fact that defendant's expert was unable to detect the presence of an accelerant, it is our view that the jury could have rationally concluded that defendant proved its affirmative defense of arson by clear and convincing evidence (see, Twelve Ninety Smithtown Corp. v New York Mut. Underwriters, 216 AD2d 382; Anderson v General Acc. Fire & Life Assur. Corp., 58 AD2d 568).

The trial testimony also established that plaintiff's policy contained a cooperation clause, which required plaintiff to, among other things, submit to an examination under oath at defendant's request. The purpose of such a clause is to permit the insurer to investigate the legitimacy of a claim (*see, 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 142 AD2d 124, 129, *lv denied* 74 NY2d 607), and it is well settled that questions regarding an insured's personal finances are material and relevant to the investigation. Without doubt, at his examination under oath and in the submission of proof of the loss, plaintiff failed to disclose a security interest, judgments and back taxes totaling in excess of $100,000, thereby raising a material question as to whether he substantially performed his obligations under the cooperation clause (*see, supra*, at 133). Supreme Court erred in its determination to dismiss the affirmative defense of failure to cooperate as duplicative of defendant's second affirmative defense, alleging plaintiff's willful concealment or misrepresentation of material facts. Significantly, the two defenses have different burdens of proof (*see, Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43, 44-46, *lv denied* 70 NY2d 610; 2 NY PJI 351 [1996 Supp]), and the jury's apparent finding that defendant did not establish plaintiff's willful concealment or misrepresentation by the requisite clear and convincing evidence by no means precluded a finding that defendant had proved plaintiff's failure to comply with the cooperation clause by the lesser standard of a preponderance of the evidence (*see, supra*).

As a final matter, we are not persuaded that Supreme Court erred in refusing to grant a directed verdict in favor of defendant on its affirmative defenses of willful concealment and failure to cooperate.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment, amended judgment and order are reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.