■ STEPHEN PHILLIPS, Respondent, v STATE FARM FIRE & CASUALTY COMPANY, Appellant, et al., Defendant. [640 NYS2d 24]

The IAS Court erred in dismissing the affirmative defenses relating to arson and directing a verdict in favor of plaintiff on liability. Arson in civil cases may be established by circumstantial evidence (*Weed v American Home Assur. Co.*, 91 AD2d 750, 751). Here, defendant offered ample proof to show that the subject premises were destroyed under suspicious circum-

stances and that plaintiff may have had a motive to destroy his property.

There is no dispute herein that plaintiff's house was destroyed as the result of arson. The evidence educed at trial further reveals: that there was no forced entry into the house; that a neighbor observed two men enter the front door of the house and that the lights immediately went on, and that following their departure a few minutes later there was an explosion; that plaintiff was on a vacation in California at the time of the fire, which he had hastily arranged just one week prior; that plaintiff had ostensibly gone to California to visit his mother, although he admitted in an earlier examination under oath, and at trial, that his mother had advised him, before he left New York, that she would not see him because he was travelling with a female companion; that plaintiff had a contractual obligation to buy out his former live-in-girlfriend's share of the house within nine months following the time of the fire; that plaintiff's adjusted gross income was $55,000 in 1989, but had dropped to $21,817 in 1990, the year of the fire; and that plaintiff made numerous gambling trips to Atlantic City, Milford Jai Alai and Off-Track Betting parlors. In addition to the foregoing, numerous inconsistencies were evident in plaintiff's claims statements and testimony concerning, *inter alia*, his tax returns and the extent of his gambling.

Since the evidence herein indicates that the property was destroyed by arson and that plaintiff may have had a motive to see his house destroyed by fire, the first four affirmative defenses relating to arson should not have been dismissed (*see, Home Ins. Co. v Karantonis*, 156 AD2d 844; *Anderson v General Acc. Fire & Life Assur. Corp.*, 58 AD2d 568; *V.F.V. Constr. Co. v Aetna Ins. Co.*, 56 AD2d 598; *see also, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.*, 56 NY2d 918).

In the event that liability is found after trial, the amount of interest should be calculated from 60 days after submission of the proof of loss (*see, Farmland Mkt. Corp. v North Riv. Ins. Co.*, 105 AD2d 602, *affd* 64 NY2d 1114). Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.