■ JONATHAN STONE et al., Respondents, v CONTINENTAL INSURANCE COMPANY, Appellant. [650 NYS2d 772] —In an action, inter alia, to recover the proceeds of a homeowner's insurance policy, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 22, 1995, which granted the plaintiffs' motion to strike the defendant's affirmative defenses and for summary judgment on the issue of liability under the policy, and (2) a judgment of the same court, entered January 18, 1996, in favor of the plaintiffs and against the defendant in the principal sum of $1,501,325.50.

Ordered that the appeal from the order entered November 22, 1995, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order entered November 22, 1995, is vacated, and the motion is denied.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in this action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On March 11, 1991, the Continental Insurance Company (hereinafter Continental) issued to the plaintiffs a multi-peril insurance policy covering, *inter alia,* their newly-constructed home. During the effective period of the policy a fire destroyed the plaintiffs' home and its contents. Continental disclaimed liability for the loss, alleging, *inter alia,* that the fire was caused by arson, and the plaintiffs commenced the instant action to recover under the insurance policy. The court granted the plaintiffs' motion to strike Continental's affirmative defenses and for summary judgment, and subsequently entered judgment in their favor and against Continental in the principal sum of $1,501,325.50. We reverse.

"Evidence of motive and incendiary origin * * * is sufficient to defeat an insured's motion for summary judgment in an action on its fire insurance policy" *(R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.,* 56 NY2d 918, 920). Furthermore, "direct proof of arson is seldom available [so] the courts have long recognized that it can be established in civil cases by circumstantial evidence" *(Shawanga Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 57 AD2d 677; *see also, Phillips v State Farm Fire & Cas. Co.,* 225 AD2d 457; *Weed v American Home Assur. Co.,* 91 AD2d 750).

Continental offered sufficient circumstantial evidence to suggest that the plaintiffs' serious financial difficulties gave them a motive to set or procure the fire. The plaintiff Robert Stone admitted in his examination before trial that he and his wife had fallen deeply into debt due to construction costs incurred in building their home, and in order to meet their escalating expenses had been drawing $5,000 to $6,000 per month from a $200,000 equity loan, which was exhausted one month before the fire.

Continental also offered sufficient circumstantial evidence to suggest that the fire was incendiary in origin. Both the fire investigator for the City of Beacon and a private investigator employed by Continental ruled out all accidental and natural causes for the fire. The City of Beacon investigator testified

that the low burns underneath the floor's surface, and the fact that the fire "reflashed" after it seemingly had been extinguished, suggested the use of a liquid accelerant. Moreover, the fact that the burglar alarm, situated in the same area as the fire alarm, sounded first, strongly suggested to the city investigator that someone had entered the premises and had tripped the burglar alarm before igniting the fire.

CPLR 3212 (b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses *(see, Aimatop Rest. v Liberty Mut. Fire Ins. Co.,* 74 AD2d 516). We find that questions of fact with respect to motive and incendiary origin necessitate denial of the plaintiffs' motion.

In light of our determination, we do not reach the defendant's remaining contentions. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.