104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Richard D'ANGELO, Plaintiff-Counter-Defendant-Appellant,
v.
STATE FARM FIRE & CASUALTY CO., Defendant-Counter-Claimant-Appellee.
 No. 96-7288.
 United States Court of Appeals, Second Circuit.
 Dec. 3, 1996.
 
 1
 Appeal from the United States District Court for the Eastern District of New York (Arlene R. Lindsay, Magistrate Judge).
 
 
 2
 APPEARING FOR APPELLANT: Beth J. Goldmacher, Faden & Goldmacher, Westbury, N.Y.
 
 
 3
 APPEARING FOR APPELLEE: Donald J. Feldman, Feldman & Rudy, Westbury, N.Y.
 
 
 4
 E.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before CARDAMONE and LEVAL, Circuit Judges, and POOLER,[1] District Judge.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel. ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 8
 Richard D'Angelo appeals from a judgment of the Eastern District of New York, Arlene R. Lindsay, M.J., entered upon a jury verdict in favor of State Farm Fire & Casualty Company. Finding no reason to reverse, we affirm the judgment.
 
 
 9
 When D'Angelo's fire insurance carrier refused to pay his claim for a fire that destroyed his home, he sued on the policy. After trial, the jury found for State Farm on its affirmative defense that D'Angelo, or his agent, had deliberately set the fire. On appeal, D'Angelo contends that the evidence of his motive for arson was insufficient as a matter of law and that he was prejudiced by several erroneous rulings by the trial court.
 
 
 10
 We find the evidence sufficient to meet the governing standard of clear and convincing proof. State Farm showed that the fire was intentionally set and that D'Angelo had a financial motive to set it. There was also substantial evidence of suspicious behavior by the D'Angelo family. Taken together, the defendant's evidence was wholly sufficient to support the jury's verdict. Cf. Phillips v. State Farm Fire & Casualty Co., 640 N.Y.S.2d 24, 25 (1st Dep't 1996) (trial court erred in dismissing arson defense where "defendant offered ample proof to show that the subject premises were destroyed under suspicious circumstances and that plaintiff may have had a motive to destroy his property."). Nor do we find prejudicial error in the trial judge's evidentiary rulings. D'Angelo challenges in particular the exclusion of a bank statement showing a $15,000 deposit made several weeks after the fire, contending it weighs against his financial motive for arson. D'Angelo testified, however, that he was unable to recall whether before the fire he knew the money was coming. Thus the trial judge properly excluded the evidence as irrelevant to his motives at the time of the fire.
 
 
 11
 The judgment is affirmed.
 
 
 
 [1]
 United States District Judge for the Northern District of New York, sitting by designation