■ WATER WHEEL INN, INC., Appellant, v EXCHANGE INSURANCE COMPANY, Respondent. [690 NYS2d 622] —In an action to recover the proceeds of a fire insurance policy, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered July 30, 1997, which, upon a jury verdict in favor of the defendant and against it, and upon an order of the same court dated February 27, 1997, denying the plaintiff's motion to set aside the verdict and granting the

defendant's cross motion, in effect, for summary judgment on its counterclaim, dismissed the complaint and awarded the defendant the principal sum of $19,300.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, sufficient evidence was presented at trial to support the jury's determination that the president of the plaintiff intentionally caused or procured the fire which destroyed its premises (*see, 3910 Super K v Pennsylvania Lumbermens Mut. Ins. Co.*, 219 AD2d 589; *Home Ins. Co. v Karantonis*, 156 AD2d 844; *Weed v American Home Assur. Co.*, 91 AD2d 750). Moreover, the verdict was not against the weight of the evidence (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Nicastro v Park*, 113 AD2d 129).

We further find no merit to the plaintiff's claim that the trial court erred by refusing to permit a witness to testify that its president had "passed" a polygraph test administered in connection with the investigation into the fire. Although polygraph evidence may be admissible under certain circumstances in administrative proceedings where compliance with the rules of evidence is not required (*see, Matter of Sowa v Looney*, 23 NY2d 329, 333; *Matter of Motell v Napolitano*, 186 AD2d 989; *May v Shaw*, 79 AD2d 970), the reliability of polygraph testing has not been demonstrated with sufficient certainty to render such test results admissible in judicial proceedings in this State (*see, People v Shedrick*, 66 NY2d 1015, 1018; *Pereira v Pereira*, 35 NY2d 301, 306).

In addition, the court properly precluded the plaintiff from asking two witnesses for their opinion as to whether its president was innocent of arson. To permit these witnesses to offer their opinion about who committed the arson would be to determine the ultimate issue in this case and usurp the function of the jury (*see, Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140, 148; *Franco v Muro*, 224 AD2d 579; *Nevins v Great Atl. & Pac. Tea Co.*, 164 AD2d 807, 808-809).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.