■ Ernest J. Maier, Jr., Appellant, v Allstate Insurance Company, Respondent. [838 NYS2d 715]—

Spain, J. Appeal from a judgment of the Supreme Court (Monserrate, J.H.O.), entered May 27, 2005 in Rensselaer County, upon a decision of the court in favor of defendant.

Plaintiff owned a home in the Town of Sand Lake, Rensselaer County, that was insured by a homeowners insurance policy issued by defendant. On August 8, 2000, the property was completely destroyed by fire. Plaintiff submitted a proof of loss

statement to defendant seeking to recover $240,000 in insurance proceeds.* Defendant paid the balance of the mortgage on the property (approximately $92,000), but otherwise denied plaintiff's claim. When plaintiff then commenced this action to compel defendant to cover his loss, defendant asserted the affirmative defense of arson. A nonjury trial was thereafter held after which Supreme Court dismissed the complaint and awarded costs and disbursements to defendant. On plaintiff's appeal, we now affirm.

Evidence at trial established the following. Previously, plaintiff lived at the Sand Lake residence for half the year and rented in Florida for the other half of the year, but in 2000 he decided to move to Florida to live full time. In the week preceding the fire, plaintiff appeared personally at his insurance agent's office and—for the first time in memory of his agent— paid his monthly homeowners insurance premium on time. He also held a moving sale, packed up some of his furniture and personal property in a moving truck, and placed his home for sale with a local realtor at a list price of $120,000. He planned to leave Sand Lake permanently on August 8, 2000 and, after giving keys to his residence to the realtor and posting "For Sale" signs, he locked up and left the property at approximately 4:30 P.M. He then went to the home of friends, where he planned to have dinner prior to departing for Florida. At 5:45 that evening, area fire departments responded to a fire call at plaintiff's residence.

After the fire was extinguished and the cause of the fire was not readily apparent, a Rensselaer County fire investigator was called to inspect the property. The investigator, along with his canine companion trained in the detection of combustibles, arrived at the scene and determined that combustible flammable vapor residue was present in an upstairs hallway as it leads into a bedroom, where a burned-out mattress was located on the floor. A few days later, a private arson investigator hired by defendant conducted another inspection of the property and concluded that the fire had started in the upstairs bedroom and attached hallway and, in his opinion, was the result of a flammable liquid being poured on the floor of the hall and bedroom and then ignited. At the time of the fire, plaintiff was supporting himself and his two minor children on a yearly net income of less than $10,000. His bank accounts showed no significant savings and he owed $2,103 in 2000 property taxes.

To establish the affirmative defense of arson, it was defen-

---

* The policy had a face value of $140,000 for the dwelling, and provided $98,000 for personal property protection and $7,000 for debris removal.

dant's burden to demonstrate by clear and convincing evidence that plaintiff intentionally set the fire (*see Chenango Mut. Ins. Co. v Charles*, 235 AD2d 667, 668 [1997]; *Ashline v Genesee Patrons Coop. Ins. Co.*, 224 AD2d 847, 848 [1996]). "[D]irect proof of arson is seldom available and, therefore, can be established in civil cases by circumstantial evidence" (*Weed v American Home Assur. Co.*, 91 AD2d 750, 751 [1982]; *see Phillips v State Farm Fire & Cas. Co.*, 225 AD2d 457, 457 [1996]).

Here, the record amply supports Supreme Court's conclusion that clear and convincing evidence existed that the fire was deliberately started. Testimony from the county fire investigator and the arson investigator supports their conclusion that the fire began when an accelerant was poured on the floor of an upstairs hall and bedroom and then ignited. Their unrefuted testimony provided ample support for the court's finding that the fire was not the result of an accident or a natural cause, but due to human intervention (*see Ashline v Genesee Patrons Coop. Ins. Co., supra* at 848; *3910 Super K v Pennsylvania Lumbermens Mut. Ins. Co.*, 219 AD2d 589, 589-590 [1995]; *Torian v Reliance Ins. Co.*, 171 AD2d 971, 972 [1991]). Contrary to plaintiff's contention, the testimony describing the behavior of the canine in detecting the presence of a combustible vapor residue on the property was not equivocal or inconsistent in any way. Further, the fact that laboratory results performed on the burned-out mattress material came back negative for the presence of an accelerant is not inconsistent with the findings of the fire investigators inasmuch as the private arson investigator testified that negative results were expected because either the accelerant was completely consumed by the fire or washed away in the effort to extinguish the fire (*see Ashline v Genesee Patrons Coop. Ins. Co., supra* at 848).

Further, Supreme Court appropriately considered circumstantial evidence of strong motivation, opportunity and means to establish that plaintiff, despite his denial, committed the arson (*see Chenango Mut. Ins. Co. v Charles, supra* at 669). Plaintiff testified that he left the property vacant and locked up less than 90 minutes before the fire was reported, and that only he, his oldest son and his realtor had keys to the property. Financial motive was established by the fact that plaintiff would almost certainly have gained more if his home had been lost in a fire than if he had sold it; although the home was listed—at plaintiff's urging—at $119,900, the realtor originally valued the home at less than $100,000. This, combined with the evidence of plaintiff's precarious financial conditions, the steps that

plaintiff had taken in preparation for permanently leaving the area and the evidence of opportunity, constitute sufficient evidence that it was plaintiff who set the fire in order to collect the insurance proceeds (*see Ashline v Genesee Patrons Coop. Ins. Co., supra* at 848; *Torian v Reliance Ins. Co., supra* at 971-972; *Weed v American Home Assur. Co., supra* at 751; cf. *Chenango Mut. Ins. Co. v Charles, supra* at 669-670).

Finally, we are unpersuaded by plaintiff's contention that Supreme Court impermissibly shifted the burden of proof to plaintiff. Only after finding that defendant had established the arson defense did the court assess plaintiff's credibility and conclude that "[p]laintiff produced no competing evidence which would serve as a basis for any other rational conclusion." We have considered plaintiff's remaining contentions and find them unpersuasive.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.