Garry, J.
Appeal from an order of the Supreme Court (Demarest, J.), entered August 21, 2014 in St. Lawrence County, which denied plaintiff’s motion for, among other things, partial summary judgment.
Plaintiffs restaurant burned down in the early morning hours of May 9, 2010. Defendant had previously issued plaintiff a multi-peril insurance policy, including coverage for the building and restaurant business arising from fire damage. Plaintiff filed a claim under this policy. Defendant denied the claim on the theory that the fire had been intentionally set by the husband of plaintiff’s sole shareholder. Plaintiff commenced this breach of contract action, seeking payment under the insurance policy. In its answer, defendant pleaded the affirmative defense of arson. Plaintiff moved for dismissal of that affirmative defense and for summary judgment on the issue of liability. Supreme Court denied the motion. Plaintiff appeals.
We affirm. Plaintiff relies upon an erroneous view of the parties’ respective burdens, essentially arguing that plaintiff’s proof was clearly sufficient to meet its initial burden, thus triggering a burden by defendant to respond with clear and convincing evidence of all aspects of its arson defense. We disagree, and find that Supreme Court properly denied the motion.
As the movant, plaintiff was required to initially demonstrate “the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses” (Stone v Continental Ins. Co., 234 AD2d 282, 284 [1996]; accord Aimatop Rest. v Liberty Mut. Fire Ins. Co., 74 AD2d 516, 517 [1980]). Upon the affirmative defense of arson, if plaintiff, as the insured, met its initial burden, the burden would then shift to defendant, as the insurer. Although defendant’s ultimate burden of proving the affirmative defense at trial would be by the standard of clear and convincing evidence (see Maier v Allstate Ins. Co., 41 AD3d 1098, 1099-1100 [2007]), this strict standard is not applied at this juncture. Assuming that plaintiff met its initial burden to demonstrate that the fire *1414 was not intentionally set and that plaintiff had no motive to commit arson, to defeat the summary judgment motion defendant was merely required to demonstrate “that plaintiff’s premises may have been damaged by arson and that plaintiff may have had a motive to see the property destroyed by fire” (Abdulnabi v Allstate Ins. Co., 120 AD3d 1571, 1571 [2014] [internal quotation marks, brackets and citations omitted]; see V. F. V. Constr. Co. v Aetna Ins. Co., 56 AD2d 598, 598 [1977]). Importantly, “[e]vidence of motive and incendiary origin without more is sufficient to defeat an insured’s motion for summary judgment in an action on its fire insurance policy” (R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co., 56 NY2d 918, 920 [1982]; see Phaneuf v North Country Coop. Ins. Co., 91 AD2d 1122, 1122 [1983]).
Plaintiff failed to offer evidence to establish that the fire had not been intentionally set and, instead, merely challenged the validity of defendant’s investigation, arguing that the evidence failed to affirmatively establish that the fire had been deliberately set. Plaintiffs various criticisms of defendant’s proof are merely that; although the critique may affect the weight of the testimony, the arguments presented ultimately devolve to issues that are inherently factual in nature, requiring credibility assessments, rather than being susceptible to legal determination.
Plaintiff did not submit any independent expert evidence, but instead found fault with the report of defendant’s expert. That expert based his opinion, in part, on surveillance footage depicting an individual sliding along an exterior wall of plaintiff’s building, while appearing to attempt to avoid detection, before entering the building with the use of a key, and later exiting the building moments before smoke appeared in the bar area. Contrary to plaintiff’s contention, this footage, together with other evidence garnered through the expert’s examination of the building, provided sufficient support for the expert’s opinion that the fire was incendiary by nature to establish triable issues of fact (compare Torian v Reliance Ins. Co., 171 AD2d 971, 972 [1991]). Moreover, the record contains circumstantial evidence that the husband of plaintiff’s sole shareholder had the opportunity and means to commit the alleged arson (see Maier v Allstate Ins. Co., 41 AD3d at 1100-1101). Further, any knowledge of whether plaintiff’s sole shareholder directed or conspired with her husband to set the fire is “peculiarly within the possession” of the shareholder herself (Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 262 [1984]; see Wertheimer v New York Prop. Ins. Underwriting *1415 Assn., 85 AD2d 540, 541 [1981]). Thus, plaintiff did not meet its initial burden as to the fire’s incendiary origin (see Abdulnabi v Allstate Ins. Co., 120 AD3d at 1572; Aimatop Rest. v Liberty Mut. Fire Ins. Co., 74 AD2d at 517).
Plaintiff did meet its initial burden as to its lack of a financial motive for setting the fire. The testimony of plaintiff’s sole shareholder established a lack of incentive to destroy the property based upon her financial stability at the time of the fire (see e.g. Schlegel v Aetna Cas. & Sur. Co., 282 AD2d 516, 517 [2001]; Chenango Mut. Ins. Co. v Charles, 235 AD2d 667, 669 [1997]). In response, however, defendant raised factual issues by demonstrating that the insurance policy was more valuable than the property itself and, thus, that “plaintiff would almost certainly have gained more if [its building] had been lost in a fire than if [it] had [been] sold” (Maier v Allstate Ins. Co., 41 AD3d at 1100). Accordingly, viewing the evidence in the light most favorable to defendant, as we must, we agree with Supreme Court that there are factual issues requiring trial (see Abdulnabi v Allstate Ins. Co., 120 AD3d at 1572). In sum, although plaintiff has amassed considerable evidence that will test the multiple inferences presented by defendant and raise credibility issues, the record does not support a summary determination.
Peters, P.J., Lahtinen and Devine, JJ., concur. Ordered that the order is affirmed, with costs.