### (June 6, 1977)

■ EDWARD K. ANDERSON, Respondent, v GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD., Appellant.—In an action on a policy of fire insurance, defendant appeals from a judgment of the Supreme Court, Orange County, entered July 30, 1976, which is in favor of plaintiff and against it, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. After both sides rested, the trial court dismissed defendant's affirmative defenses which, *inter alia,* alleged that the fire "occurred while the hazard was increased by means within the knowledge or control of the plaintiff, in connection with the origin of the said fire" and that "there were wilful concealments and misrepresentations and false and fraudulent statements concerning the origin of the loss". We hold that such dismissal constituted reversible error, as these issues should have been left to the jury. The evidence indicates that plaintiff's premises

may have been damaged by arson and that plaintiff may have had a motive to see his property destroyed (cf. *V. F. V. Constr. Co. v Aetna Ins. Co.,* 56 AD2d 598). Under the circumstances presented, the rapidity of the spread of the fire creates a suspicion of arson. Plaintiff's apparent, if not real, financial difficulty, as well as the contradictions found in his testimony, created fact issues as to his connection with the fire. Those issues should have been left to the jury. Error was also committed when the trial court instructed the jury to disregard portions of the testimony of an expert witness, Harold Glass. Mr. Glass had investigated the fire on behalf of the defendant. Plaintiff called him to testify and, on direct examination, he testified without objection that when he prepared his report on the fire he had no reason to suspect plaintiff of arson. On cross-examination he testified that he *now* suspected plaintiff of causing the fire. While such testimony would normally be barred, such is not the case here since plaintiff opened the door to such testimony by his direct examination. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.