■ ALEX FRIEDMAN, Respondent, v WALDBAUM'S, INC., Appellant. — In a personal injury action, defendant appeals from an order of the Supreme Court, Westchester County (Daronco, J.), entered April 23, 1981, which, *inter alia,* denied its motion for a protective order. Order modified so as to limit production of the accident reports to a period of three years prior to the date of the plaintiff's accident and to the area within 100 feet of the place of the accident. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. Defendant's time to produce the reports is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The notice for discovery and inspection requesting "[a]ll accident reports * * * since the time that defendant has operated a store at this location" was overly broad to the extent indicated. Mollen, P. J., Mangano, Gibbons and Thompson, JJ., concur.

■ KRONOS FILMS, INC., Also Known as KRONOS MOTION PICTURE FILMS, INC., Respondent, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant. — In an action to recover on a fire insurance policy, the defendant insurance company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated July 2, 1981, as granted that branch of plaintiff's motion which sought to strike defendant's first and seventh affirmative defenses. Order modified, on the law, by deleting the second decretal paragraph, which granted the motion as to defendant's seventh affirmative defense, and substituting a provision denying the motion as to that defense. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The stay contained in this court's order dated July 30, 1981 is vacated. On this record, it cannot be said that, as a matter of law, no triable issue of fact exists as to whether the fire at plaintiff's business premises occurred while the hazard was increased by means within the control or knowledge of the insured (see *V. F. V. Constr. Co. v Aetna Ins. Co.,* 56 AD2d 598; cf. *Anderson v General Acc. Fire & Life Assur. Corp.,* 58 AD2d 568). We have considered defendant's remaining contention and find it to be without merit. Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.