■ COREY A. SCHERMERHORN, Appellant, v C. JAMES WARFIELD, Also Known as JAMES C. WARFIELD, et al., Respondents. [623 NYS2d 422] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 15, 1993 in Columbia County, upon a verdict rendered in favor of defendants.

On December 17, 1988 plaintiff attended a wedding reception from 2:00 P.M. through 5:30 P.M. except for a period of about 15 minutes when he went for a ride in a friend's new car. Plaintiff brought with him a bottle of 80-proof whiskey he estimated to contain a cup of whiskey. He consumed the full bottle with ginger ale, had one or two screw drivers made with vodka and also ate some food at the reception. Upon leaving the reception, plaintiff walked home, remained there for a while before walking his dog, a pit bull terrier, to his girlfriend Kathy Kassman's apartment. Plaintiff and Kassman then both left her apartment between 6:30 P.M. to 7:00 P.M. to walk his dog and another bull terrier belonging to mutual friends living downstairs from Kassman. After walking about 35 to 40 minutes, they saw some ice on the sidewalk ahead of them. As they approached the icy area, Kassman was walking with one dog on a leash to the right of plaintiff who was walking beside her. They noticed the ice was larger on the left or street side of the sidewalk and thinned out and was smaller on the right side of the walk. Kassman stepped over the ice without difficulty but plaintiff stepped on it and fell, injuring his ankle. Kassman did not see him fall but turned and saw him on the ground. The next day she went back to the scene, 118 Greet Street in the City of Hudson, Columbia County, in front of a funeral home operated by defendant Bates and Anderson Funeral Services, Inc. and took several photographs of the icy sidewalk area which were admitted in evidence.

Plaintiff was wearing sunglasses described as tinted pre-

scription glasses at the time of the accident, an overcoat, cowboy boots/western style with smooth soles and 1½-inch heels. The dog plaintiff was walking at the time weighed 83 pounds according to Kassman while the one she walked weighed about 50 pounds. There was no testimony that defendants created the icy condition. There was testimony that the slab of concrete was lower in the area where the ice was widest and thickest. Testimony was offered describing the weather conditions on the day of the accident and on several prior days.

Plaintiff admitted on cross-examination that Kassman had stepped over the ice without mishap and that he could have easily stepped over the ice on the right side of the sidewalk as Kassman had done.

Supreme Court submitted several questions to the jury in writing and instructed them on how to proceed in answering them during deliberations. They were to answer the first two questions, record their answers, then proceed to the next two questions. The first question, "Was the defendant Bates and Anderson Funeral Home negligent?", was answered, "Yes". The second question, "Was such negligence a proximate cause of the plaintiff's injuries?", was answered, "No." Plaintiff moved to set aside the verdict as against the weight of the evidence and as inconsistent, which Supreme Court denied.

Plaintiff's first argument, that a new trial is required because the jury's answers to the questions on the verdict sheet finding defendants negligent and that such negligence was not a cause of plaintiff's injuries were inconsistent, is without merit. The jury could reasonably have concluded that although defendants were negligent, that negligence was not a proximate cause of plaintiff's injuries. There was evidence that plaintiff had consumed significant amounts of alcohol, was wearing tinted glasses after dark, had on cowboy boots with smooth soles and 1½-inch heels and was walking an 83-pound dog. Further, he admitted that he could easily have gone around the ice as his girlfriend had done. Thus, the jury could properly conclude that notwithstanding some negligence on the part of defendants, the sole proximate cause of the accident was the willful negligence of plaintiff in continuing to walk over the ice instead of easily stepping around and over it as did Kassman (see, Rubin v Pecoraro, 141 AD2d 525).

Plaintiff's contention that the verdict should be set aside as against the weight of the evidence is likewise without merit. It is well established that "a jury verdict in favor of a defendant

should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). There was no objection to the charge to the jury nor to the instructions of Supreme Court regarding how they were to proceed to answer the questions submitted for their consideration. We cannot say that the jury did not fairly interpret the evidence in this case.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.