■ Martha F. Skibinski, Appellant, v Salvation Army, Respondent. [761 NYS2d 742] —Kane, J. Appeals (1) from a judgment of the Supreme Court (Relihan, Jr., J.), entered March 12, 2002 in Tompkins County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered December 17, 2001 in Tompkins County, which denied plaintiff's motion to set aside the verdict.

In the days prior to January 22, 1996, the City of Ithaca, Tompkins County, experienced flooding due to heavy rains and melting snow, then a sudden freeze creating icy conditions. On that date, plaintiff traveled to defendant's thrift store with her boyfriend, who parked in the rear parking lot. The boyfriend noticed a patch of black ice under and around his vehicle, and exercised caution in alighting. Plaintiff did not notice the ice and slipped and fell as soon as she stepped out of the vehicle, injuring herself. After a trial in this personal injury action, the jury found defendant negligent, but determined that this negligence was not a substantial factor in causing plaintiff's fall. Supreme Court denied plaintiff's oral and written motions to set aside the verdict, instead entering judgment in accordance with that verdict. Plaintiff appeals.

Plaintiff contends that the verdict was inconsistent and against the weight of the evidence. "A jury's finding that a party was at fault but that [this] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Starr v Cambridge Green Homeowners Assn.*, 300 AD2d 779, 780 [2002]). In determining that defendant was negligent, the jury here necessarily found that ice was present in the area of the parking lot where plaintiff fell, that this cre-

ated an unsafe condition, and that defendant knew or should have known about this condition and failed to correct it. In the context of this case, this finding cannot be reconciled with the jury's conclusion that this dangerous condition was not a substantial cause of plaintiff's fall. The only conclusion which may be drawn from the facts presented is that, but for the dangerous condition, plaintiff would not have fallen, and the jury's findings to the contrary are irreconcilably inconsistent.

While a plaintiff's own conduct may be a superceding cause which severs the causal connection between defendant's negligence and the injury (*see Boltax v Joy Day Camp*, 67 NY2d 617, 620 [1986]), "in order to be a superceding cause, a plaintiff's negligence must be more than mere contributory negligence, which would be relevant in apportioning culpable conduct" (*Mesick v State of New York*, 118 AD2d 214, 218 [1986], *lv denied* 68 NY2d 611 [1986]). This matter is distinguishable from cases where the plaintiff recognized the danger and chose to disregard it, thus rendering the plaintiff's conduct the sole proximate cause (*see Acovangelo v Brundage*, 271 AD2d 885 [2000]; *Odom v Binghamton Giant Mkts.*, 237 AD2d 686, 687 [1997]; *Schermerhorn v Warfield*, 213 AD2d 877 [1995]). Here, the icy condition of portions of the parking lot was not readily apparent, as evidenced by the testimony of defendant's manager who did not perceive an obvious danger in the parking lot. Thus, plaintiff's inattentiveness and failure to perceive the danger was not a superceding cause of the accident, although it is pertinent to the issue of comparative negligence (*see Brecht v Copper Sands*, 237 AD2d 907 [1997]; *Bucich v City of New York*, 111 AD2d 646, 648 [1985]). Due to the inextricably interwoven nature of the issues here, the jury's verdict was inconsistent and must be vacated.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment and order are reversed, on the law, with costs, motion granted and matter remitted to the Supreme Court for a new trial.