■ Deborah Buchholz, Individually and as Executrix of Douglas Buchholz, Deceased, Respondent, v Trump 767 Fifth Avenue, LLC, Appellant. [772 NYS2d 257]—

Order, Supreme Court, New York County (Paula Omansky, J.), entered June 9, 2003, which, in an action for wrongful death arising out of plaintiff's decedent's fall from his 13th floor office window in a building owned by defendant, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

As a matter of law, section 27-651 of the Administrative Code of the City of New York, upon which plaintiff relies, does not apply to the window in question. That section, by its terms, clearly applies only to glass panels normally subject to human impact loads, i.e., "Glass in prime and storm doors, interior doors, fixed glass panels that may be mistaken for means of egress or ingress, shower doors and tub enclosures, *or in similar installations*" (emphasis added). The section makes absolutely no reference to "window panels" as alluded to by the motion court.

Clearly, section 27-651 does not apply to exterior windows, whatever their location or dimensions. Exterior windows are simply not glass panels normally subject to human impact loads. Section 27-643 of the Administrative Code specifically provides that sections 27-644 through 27-648 apply to "the use of glass in the exterior wall of a building and shall be limited to exterior

application wherein the glass would not be subjected to any loads normal to the face of glass other than those due to wind." As the motion court correctly found, those sections, which were also relied upon by plaintiff, are also inapplicable in these circumstances.

To the extent that plaintiff and the motion court relied upon *Pappalardo v New York Health & Racquet Club* (279 AD2d 134 [2000]), that case is readily distinguishable on its facts. Here, the conclusory and unsupported testimony of plaintiff's expert, that "it is well known in engineering and architectural design" that section 27-651 applies to the window in question and that it should have been protected with a push bar or protective grille, is without probative value and was insufficient to defeat defendant's motion for summary judgment (*see Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305, 308 [2000]). Moreover, since the question of the applicability of the section is a purely legal one, the motion court should not have allowed the expert to usurp its function as the sole determiner of law (*see Rodriguez v New York City Hous. Auth.*, 209 AD2d 260, 261 [1994]; *Petru v Hertz Corp.*, 33 AD2d 755 [1969]). Concur—Tom, J.P., Andrias, Sullivan and Lerner, JJ.