■ JEFFREY LITTS et al., Respondents, v BEST KINGSTON GENERAL RENTAL, Also Known as BEST KINGSTON GENERAL, INC., Defendant and Third-Party Plaintiff-Appellant; PLEASANTVILLE REALTY CORPORATION, Doing Business as LAKE KATRINE APARTMENTS, Third-Party Defendant-Respondent. [777 NYS2d 556]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered September 4, 2003 in Ulster County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

On April 30, 2001, plaintiff Jeffrey Litts (hereinafter plaintiff), an employee of third-party defendant, Pleasantville Realty Corporation, doing business as Lake Katrine Apartments (hereinafter Lake Katrine), rented a 12-inch wood chipper from defendant. Plaintiff used the wood chipper to assist in disposing of branches from trees he had trimmed at the Fairview Gardens and Lake Katrine apartment complexes. The chipper's discharge chute repeatedly clogged necessitating several service calls by defendant's mechanic, Thomas Swart, to clear it. Swart observed that parts of the branches were getting stuck in a hole on the top side of the chute which was getting larger as the chipper was used. When Swart cleared the chute, he checked to see if the flywheel inside the chipper was jammed by turning the belt controlling it. Each time he moved the belt, the flywheel would turn indicating that it was not jammed. Swart would then turn the chipper on, blow out the remaining debris and reattach the chute. Plaintiff assisted Swart in removing and reattaching the chute. On his last service call, Swart, with plaintiff's assistance, replaced the blades on the chipper, observed it run for 10 minutes and, when leaving, told plaintiff to call if he had additional problems.

After the chipper clogged again, plaintiff and another Lake Katrine employee removed the chute, cleaned it out and restarted the machine; it clogged again, however, only this time, the flywheel itself became jammed. With the machine turned off, plaintiff removed the door of the flywheel cover exposing the flywheel and blades. He reached in and began removing jammed chips near the bottom of the flywheel when it moved and caught his arm, fracturing it. He managed to turn the flywheel backwards with his other arm and free himself.

Plaintiff and his wife, derivatively, commenced this negligence action against defendant. Based upon the hold harmless agreement on the reverse side of the rental invoice,[1] defendant commenced a third-party action against Lake Katrine for contractual indemnification. Defendant moved for summary judgment dismissing the complaint asserting that plaintiff's injuries were solely the result of his negligence and, alternatively, sought

---

**1.** That agreement provides: "Customer agrees to assume the risks of, and hold Best General Inc. harmless for property damage and personal injuries caused by the equipment and/or arising out of Best General Inc.['s] negligence."

judgment against Lake Katrine on its indemnification claim. Lake Katrine moved for summary judgment dismissing the third-party complaint upon the ground that, inter alia, the hold harmless agreement contained in paragraph four of the rental agreement violated the General Obligations Law and contained a clause to hold harmless an entity not a party to the action. Supreme Court denied defendant's motion and granted Lake Katrine's motion prompting this appeal.

Defendant contends that the complaint should have been dismissed because plaintiff's own actions were the proximate cause of his injuries. Even assuming its lack of care of the chipper caused the machine to clog and malfunction, defendant points out that the jammed debris never injured plaintiff. It argues that plaintiff was injured when he took it upon himself to clear the debris from the chipper.

Generally, the issue of proximate cause is to be determined by the factfinder (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312 [1980]), "once the court has been satisfied that a prima facie case has been established" (*id.* at 315).[2] Here, defendant's argument distills to whether plaintiff's conduct constituted a superseding act which severed any causal link between its negligence and plaintiff's injuries. In order to establish such an act, defendant must demonstrate that plaintiff's intervening conduct was "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [its] conduct" (*id.* at 315; *see Haughton v T & J Elec. Corp.*, 309 AD2d 1007, 1008 [2003], *lv denied* 1 NY3d 508 [2004]). We note that "questions concerning what is foreseeable and what is normal . . . generally are for the fact finder to resolve" (*Derdiarian v Felix Contr. Corp., supra* at 315), except where the established facts permit only one conclusion to be drawn. In that event, the question of proximate cause may be determined as a matter of law (*see Boltax v Joy Day Camp*, 67 NY2d 617, 620 [1986]; *see e.g. Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]).

Applying the above law herein, since the wood chipper repeatedly became clogged and plaintiff assisted Swart in clearing it each time, we cannot say, as a matter of law, that it was not "a normal or foreseeable consequence of the situation created by

---

2. In that regard, we note that the evidence before us is sufficient to establish a prima facie case that defendant was negligent in its maintenance of the chipper by failing to repair the hole that caused the clogging, and such negligence "was a substantial cause of the events which produced [plaintiff's] injur[ies]" (*Derdiarian v Felix Contr. Corp., supra* at 315; *see Boltax v Joy Day Camp*, 67 NY2d 617, 619 [1986]).

the defendant's [alleged] negligence" (*Derdiarian v Felix Contr. Corp., supra* at 315) that plaintiff would attempt to clear the jammed flywheel on his own. In addition, defendant points to warning labels on the chipper which it claims plaintiff ignored. To the extent that plaintiff allegedly did not follow warning labels against turning the cutter or flywheel by hand instead of using a pry bar and placing his hands too close to the cutterwheel/flywheel, we note that Swart, a trained mechanic, did not adhere to the same warnings when clearing the clogs. Furthermore, it does not appear that plaintiff ignored the label about the cutterwheel coasting for several minutes after the power was turned off. Plaintiff testified that after he shut down the machine, he let it sit and moved a lever taking pressure off the flywheel before exposing it. Although it may be relevant to the issue of comparative negligence (*see Skibinski v Salvation Army*, 307 AD2d 427, 428 [2003]), we cannot say, as a matter of law, that plaintiff's conduct vis-à-vis the labels constituted an intervening act sufficient to absolve defendant of all liability. In our view, plaintiff has raised triable issues of fact concerning proximate cause and, therefore, defendant's motion for summary judgment dismissing the complaint was properly denied.

Next, we turn to defendant's contention that Supreme Court erred when it dismissed the third-party-complaint. Supreme Court premised that decision upon findings that the hold harmless agreement violates General Obligations Law § 5-322.1 and, in addition, was unenforceable by defendant because it purports to hold harmless Best General, Inc., an entity not a party to this action.

General Obligations Law § 5-322.1 provides in relevant part: "1. A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract or agreement *relative to the construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances* including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable . . ." (emphasis added).

Plaintiff indicated that a week prior to the chipper rental, he had removed various tree branches at Lake Katrine which impeded walkways, hung over roofs and blocked windows. We agree with Supreme Court's finding that this activity relates to

building maintenance under General Obligations Law § 5-322.1 (1) and conclude that the statute voids the hold harmless agreement.[3] Therefore, we conclude that the third-party complaint was properly dismissed.

Based upon the above determinations, we need not address the parties' remaining contentions.

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

3. The question of the applicability of a statute is a purely legal one (see Buchholz v Trump 767 Fifth Ave., LLC, 4 AD3d 178, 179 [2004]).