■ HARLOWE NASH, Respondent, v ANTHONY R. FITZGERALD, Appellant. [788 NYS2d 453]—

Spain, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 22, 2003 in Tompkins County, which granted plaintiff's motion to set aside a verdict in favor of defendant and granted a new trial.

On January 17, 1998, plaintiff was moving furniture out of an apartment in a building owned by defendant. The apartment had been occupied by the mother of plaintiff's ex-wife until she vacated the apartment to enter a nursing home. According to plaintiff's ex-wife, defendant asked that her mother's things be removed within a week and she enlisted plaintiff to help with the move.

Plaintiff testified that when he arrived at the building with a friend that day, approximately four inches of snow covered the ground and the snow had not been plowed or removed from the steps leading to the door of his former mother-in-law's apart-

ment. No ice was visible, however, and plaintiff was wearing work boots so they therefore began to carry items from the apartment to his truck. On the third trip from the apartment, the two men were carrying a dresser when plaintiff, backing out the door, slipped and fell down the steps. After falling, plaintiff and his friend noticed that a layer of ice existed beneath the snow on the landing to the steps.

Plaintiff commenced this action against defendant to recover for injuries allegedly sustained in the fall. At trial, defendant acknowledged that it was his responsibility under the lease to see to snow removal. The jury found that defendant was negligent but that such negligence was not the proximate cause of plaintiff's accident. Supreme Court then granted plaintiff's motion to set aside the verdict and ordered a new trial, concluding that the jury's determination that defendant was negligent could not be reconciled with its conclusion that his negligence was not a proximate cause of plaintiff's accident. On defendant's appeal, we affirm.

"Fundamentally, 'a jury's finding that a party was at fault but that the fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Starr v Cambridge Green Homeowners Assn.*, 300 AD2d 779, 780 [2002], quoting *Martonick v Pudiak*, 285 AD2d 935, 936 [2001] [citations omitted]). Inasmuch as no dispute exists that plaintiff slipped on ice on the steps and the jury necessarily found that the ice was the result of defendant's negligence, "defendant's argument [essentially] distills to whether plaintiff's conduct constituted a superseding act which severed any causal link between [his] negligence and plaintiff's injuries. In order to establish such an act, defendant must demonstrate that plaintiff's intervening conduct was 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [his] conduct' " (*Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 951 [2004], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Unlike those scenarios where "the jury could properly conclude that notwithstanding some negligence on the part of defendant[ ], the sole proximate cause of the accident was the willful negligence of plaintiff in continuing to walk over the ice instead of easily stepping around and over it" (*Schermerhorn v Warfield*, 213 AD2d 877, 878 [1995]), here we do not find plaintiff's conduct—in proceeding with his task despite the vis-

ible snow cover—to be so extraordinary or unforeseeable so as to sever the causal connection to defendant's negligence. Indeed, "[t]his matter is distinguishable from cases where the plaintiff recognized the danger and chose to disregard it, thus rendering the plaintiff's conduct the sole proximate cause" (*Skibinski v Salvation Army*, 307 AD2d 427, 428 [2003]). Plaintiff was wearing proper footwear for traversing in snow and did not see the underlying ice before he fell (*cf. Schermerhorn v Warfield, supra*). Though the jury clearly had a basis to find that plaintiff's failure to perceive the danger that ice could be present under the snow was negligent, on this record such negligence amounts only to comparative negligence, " 'relevant in apportioning culpable conduct,' " but not rising to the level of a superceding cause (*Skibinski v Salvation Army, supra* at 428, quoting *Mesick v State of New York*, 118 AD2d 214, 218 [1986], *lv denied* 68 NY2d 611 [1986]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.