■ Teresa Mandel Humphreys, Respondent, v 201 Marine Avenue, LLC, Appellant. [793 NYS2d 159]—In an action to re-

cover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated August 13, 2004, which granted the plaintiff's motion to strike its second affirmative defense alleging that the Workers' Compensation Law is the plaintiff's sole remedy, and denied its cross motion for summary judgment dismissing the complaint based on that affirmative defense.

Ordered that the order is modified by deleting the provision thereof granting the plaintiff's motion and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff failed to demonstrate, prima facie, that the defendant's second affirmative defense asserting that the Workers' Compensation Law is her sole remedy is without merit as a matter of law (see CPLR 3212 [b]; *Kronos Films v Insurance Co. of State of Pa.*, 86 AD2d 888 [1982]). Triable issues of fact exist as to whether the plaintiff (along with her husband) was employed by the defendant on the date of her fall in the basement of the defendant's building. Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment dismissing the second affirmative defense.

Moreover, the proof adduced by the defendant upon its cross motion for summary judgment predicated upon the second affirmative defense reflected the presence of triable factual issues as to the plaintiff's employment which precluded the grant of summary judgment in its favor. Accordingly, the Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint based on that affirmative defense (see *Mojica v Ulrim Realty Corp.*, 193 NYS2d 524 [1959], *affd* 10 AD2d 827 [1960]). H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.