■ FRANCISCO REYES et al., Respondents, v MORTON WILLIAMS ASSOCIATED SUPERMARKETS, INC., Defendant, EMIL MOSBACHER REAL ESTATE LLC, Appellant, and RED AND WHITE MARKETS, INC., Respondent. [858 NYS2d 107]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered July 12, 2007, insofar as it, upon reargument, denied the motion of defendant Emil Mosbacher Real Estate LLC (Mosbacher) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, Mosbacher's motion granted and the complaint dismissed as against it. The Clerk is directed to enter judgment accordingly. That part of the appeal from the dismissal of Mosbacher's cross claims for contractual indemnification against Red and White Markets unanimously dismissed, without costs, as academic. Appeal from order, same court and Justice, entered March 19, 2007, insofar as it dismissed Mosbacher's cross claims for contractual indemnification against Red and White, unanimously dismissed, without costs, as superseded by the appeal from the July 12 order.

The injured plaintiff, an employee of the Associated Supermarket operated by Red and White Markets at 15 East Kingsbridge Road in the Bronx, testified at his deposition that he was walking up a concrete ramp in the rear stockroom of the store when he slipped on water that had apparently dripped from overhead refrigeration pipes and accumulated on the ramp. He further testified that he tried to hold onto something to break his fall, but there was nothing to grab. Plaintiff's engineering expert submitted an affidavit concluding, based on his examination of the ramp, a conversation with plaintiff, and a review of his deposition testimony, that the lack of handrails violated the New York City Building Code, thereby deviating from good and accepted engineering practice, and was a substantial cause of the accident.

It is well settled that an out-of-possession landlord such as Mosbacher is generally not liable for negligence with respect to the condition of the demised premises unless it "(1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Vasquez v The Rector*, 40 AD3d 265, 266 [2007]).

In granting plaintiff reargument and denying Mosbacher summary judgment, the motion court found that plaintiff had raised a triable issue of fact whether Mosbacher was subject to liability because it appeared that the lack of a handrail is a statutory violation. However, not only is the applicability of the Building Code a purely legal question for the court to determine (*see Buchholz v Trump 767 Fifth Ave.*, 4 AD3d 178, 179 [2004], *affd*

5 NY3d 1 [2005]), but, also, none of the sections of the Building Code relied upon by plaintiff's expert, which relate to means of egress from buildings and require handrails on certain interior stairs and ramps used in lieu of such stairs, apply to the ramp in question (cf. *Gaston v New York City Hous. Auth.*, 258 AD2d 220, 224 [1999]). Moreover, it is undisputed that the ramp and overhead refrigeration pipes, which were installed by Red and White Markets after it took possession of the premises and made renovations, were not located in a public portion of the building, the stockroom being specifically off limits to the public. Thus, there is no basis on which to impose liability on Mosbacher, which was required by its lease with Red and White Markets to maintain and repair only the public portions of the building. Red and White Markets, on the other hand, was required, at its sole cost and expense, to make all nonstructural repairs to the premises.

With respect to contractual indemnification, the relevant portion of that clause provides that Red and White Markets will indemnify Mosbacher against any and all claims, suits, actions or damages arising from any personal injury or damage to property sustained on the premises, and for all costs, counsel fees and expenses incurred in defense of any actions, unless caused by or resulting from Mosbacher's negligence. The summary dismissal of Mosbacher's cross claims was premature, as there was a possibility Mosbacher would be found at trial not to have acted negligently. In such event, the broad language of the indemnification clause would have obligated Red and White Markets to indemnify Mosbacher (cf. *Rivera v Urban Health Plan, Inc.*, 9 AD3d 322 [2004]). However, in light of our dismissal of the complaint as against Mosbacher, the question of indemnification is academic. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.