■ AMY LYNN LEBRON, Appellant, et al., Plaintiff, v ROBBIE G. SAID, Respondent. (Appeal No. 1.) [857 NYS2d 858]—

Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered March 1, 2007 in a personal injury action. The judgment, upon a jury verdict in favor of defendant and against plaintiff, awarded defendant costs and disbursements.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Amy Lynn Lebron (plaintiff) when she fell down the stairs in an apartment building owned by defendant, where plaintiffs resided. At the conclusion of the trial,

the jury found that defendant was negligent but that his negligence was not a substantial factor in causing the accident. Supreme Court properly denied plaintiff's motion to set aside the verdict with respect to proximate cause and for a new trial on the issues of comparative negligence and damages. In support of her post-trial motion, plaintiff contended that the verdict was inconsistent and against the weight of the evidence. We reject that contention. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Cona v Dwyer*, 292 AD2d 562, 563 [2002]), and that is not the case here. Plaintiff presented various theories of negligence at trial, including defendant's failure to replace a light bulb in the stairwell and to remove a previous tenant's belongings from the stairwell. Plaintiff testified, however, that those conditions in the stairwell existed for approximately two months before the accident. The evidence further established that plaintiff had used the stairwell without incident before the accident and that she had also placed and rearranged the previous tenant's belongings in the stairwell. We therefore conclude that "a finding of proximate cause did not inevitably flow from the finding of culpable conduct" (*id.*), inasmuch as the jury could have found that plaintiff's own conduct was the sole proximate cause of the accident. Thus, "there is . . . a logical and rational basis for the jury's determination" (*Waild v Boulos* [appeal No. 2], 2 AD3d 1284, 1286 [2003], *lv denied* 2 NY3d 703 [2004]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.