Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 14, 2008, which, in an action for personal injuries sustained in a fall allegedly caused by inadequate lighting on stairs in commercial premises owned by and leased to defendants-appellants, insofar as appealed from, granted plaintiffs motion (1) to vacate a prior order dismissing *278 the complaint because of plaintiffs failure to appear at a prenote of issue court conference, and (2) for summary judgment on the issue of liability, to the extent of vacating the prior order, and denied defendants-appellants ’ cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant defendant premises owner summary judgment dismissing the complaint as against it, and otherwise affirmed, except the owner’s appeal from that portion of the order that granted vacatur as to it unanimously dismissed as academic, without costs. The Clerk is directed to enter judgment dismissing the complaint as against defendant 2-J, LLC.
Plaintiffs default was properly vacated on a showing by his attorney that a prior court order had erroneously scheduled the conference on a day of the week other than Tuesday, the one day reserved for conferences under the court’s part rules, and the attorney’s subsequent miscalendaring of the rescheduled date. We note that the prior order scheduled the conference for Monday, June 25, 2005, the default was taken on June 26, plaintiffs attorney learned of the default on June 27 when he appeared in court for the conference, and plaintiff expeditiously moved to vacate the default by motion dated June 30. With respect to the merits, plaintiffs deposition testimony submitted in support of the motion to vacate was not unduly vague, and plaintiffs expert’s affidavit that asserts that inadequate lighting caused plaintiffs fall was based on light measurement readings and was not speculative; thus those submissions were not contradicted by plaintiffs reply. The other possible causes of plaintiffs fall that defendants posit merely raise issues of fact. However, the out-of-possession defendant owner could not be liable for the claimed inadequate lighting, despite its right to reenter under the lease, because the defendant tenant controlled the lighting level at its restaurant, and inadequate lighting does not constitute a significant structural or design defect that violates a specific statutory building code provision (see Reyes v Morton Williams Associated Supermarkets, Inc., 50 AD3d 496, 497 [2008]). Concur—Gonzalez, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.