■ CHARLES J. BAILEY, Appellant, v JOHN DALY et al., Respondents. [876 NYS2d 805]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered November 19, 2007 in a personal injury action. The order denied the motion of plaintiff to set aside the jury verdict and for a new trial on liability.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the verdict is set aside and a new trial is granted on liability.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped on ice on a walkway at defendants' residence while he was assisting defendant John Daly in carrying a large window into the residence at approximately 9:15 P.M. We agree with plaintiff that Supreme Court erred in denying his post-trial motion to set aside the jury verdict and for a new trial on liability. The jury found that defendants were negligent but that their negligence was not a substantial factor in causing plaintiff's injuries. We note at the outset that plaintiff does not contend on appeal that Supreme Court erred in refusing to grant the alternative relief sought in his motion, i.e., judgment notwithstanding the verdict, and any issue with respect to the denial of that relief is deemed abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]).

The evidence presented at trial established that only part of the walkway had been cleared of snow and ice and that there

were in fact patches of ice covering part of the walkway. We agree with plaintiff that, under the circumstances presented, the issues of negligence and proximate cause are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Lebron v Said*, 51 AD3d 1384, 1385 [2008] [internal quotation marks omitted]; *see Nash v Fitzgerald*, 14 AD3d 850, 851 [2005]; *cf. Schermerhorn v Warfield*, 213 AD2d 877, 878 [1995]). We therefore reverse the order, grant plaintiff's motion, set aside the verdict and grant a new trial on liability. Present—Martoche, J.P., Centra, Carni and Gorski, JJ.