■ Susan Alexander et al., Appellants, v St. Mary's Institute, Respondent. [912 NYS2d 153]—

Lahtinen, J. Appeal from an order of the Supreme Court (Catena, J.), entered November 16, 2009 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Susan Alexander (hereinafter plaintiff) fell twice on the partially ice-covered exterior stairs, platform and driveway of a building owned and maintained by defendant. She worked as a teacher's aide for a nonprofit organization located in defendant's building and her duties included bringing groceries to the building's kitchen. For several years she had used a side door to deliver groceries and, upon arriving at about 8:00 A.M. on a cold February morning, she observed ice on parts of the driveway, stairs and the platform adjacent to the door. She nevertheless was able to make several trips with groceries from her

car over a narrow ice-free area into the building. However, as she returned to her car after completing the final delivery, she slipped on the platform, fell down the stairs and fell again as she tried to get up on the driveway. Thereafter, she and her husband, derivatively, commenced this action. Following discovery, defendant moved for summary judgment. Although Supreme Court found ample evidence of a recurring dangerous condition to raise a factual issue regarding constructive notice, the court concluded that plaintiff's action in walking on the steps that she knew were icy rather than using another entrance to the building was the sole proximate cause of the accident. Defendant's motion was thus granted, and plaintiffs now appeal.

We find merit in the argument that the proof, viewed most favorably to the nonmovants (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]), does not establish as a matter of law that plaintiff's conduct constituted the sole proximate cause of the accident. In slip and fall cases allegedly caused by a defective or dangerous condition, a landowner in control of the place where the accident occurred is not necessarily absolved of potential liability where the condition is readily observable or the injured person knew of the condition (*see Page v State of New York*, 72 AD3d 1456, 1458 [2010]; *MacDonald v City of Schenectady*, 308 AD2d 125, 126-127 [2003]). We have previously noted regarding wintertime falling in a driveway or walkway that "the plaintiff is often aware of the presence of a slippery surface caused by snow or ice [and, w]hile perhaps relevant to the issues of notice and comparative negligence, the obviousness of this type of hazard does not ordinarily preclude a finding of liability on the part of the property owner" (*Stern v Ofori-Okai*, 246 AD2d 807, 808 [1998] [citations omitted]).

Here, plaintiff observed ice on the premises, but also explained that, by staying immediately adjacent to the building, there was an ice-free section about a foot wide that she could follow along the driveway, stairs and platform. Although there was a longer available route to the kitchen via another entrance and plaintiff also did not utilize salt available at the premises once she successfully entered the building, these facts go to comparative negligence. Her attempt to navigate over a narrow ice-free path on the shortest and familiar route did not, as a matter of law, constitute "intervening conduct [that] was extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [defendant's] conduct" (*Nash v Fitzgerald*, 14 AD3d 850, 851 [2005] [internal quotation marks and citations omitted]).

Defendant's contention that it is nevertheless relieved from any liability under the doctrine of primary assumption of the risk is without merit (*see Trupia v Lake George Cent. School Dist.*, 62 AD3d 67, 69 [2009], *affd* 14 NY3d 392 [2010]). Further, we find unavailing defendant's assertion that the Supreme Court erred in determining that the proof presented (including the affidavit of plaintiffs' expert detailing evidence of an apparent longstanding problem with ice and the absence of a gutter to channel the water from the walkway) was sufficient to raise a factual issue regarding at least constructive notice. Since plaintiffs established triable issues regarding whether defendant had notice of the condition and whether defendant exercised reasonable care under the circumstances, the motion for summary judgment should have been denied (*see Stern v Ofori-Okai*, 246 AD2d at 808-809).

Cardona, P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.