■ JESSICA DILLENBECK, Respondent, v ROBERT SHOVELTON, Appellant. [981 NYS2d 196]—

Peters, P.J. Appeal from an order of the Supreme Court (J. Sise, J.), entered March 1, 2013 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

Upon returning from work on the morning of February 7, 2011, plaintiff stepped onto the porch of her apartment building and an area of the wooden floorboards collapsed, causing her right leg to fall through the resulting opening in the porch surface. The initial collapse did not cause injury to plaintiff. However, upon extricating her right leg from the opening with the use of her left knee and right hand and attempting to proceed forward towards the doorway, the toe of plaintiff's right shoe caught a portion of the broken floorboard that was still attached to the deck, causing her to fall into the front door to the apartment and injure her shoulder. Plaintiff thereafter commenced this negligence action against defendant, her landlord and the owner of the premises, to recover damages for her injuries. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant appeals.

"[D]efendant, as the movant for summary judgment, bore the initial burden of establishing, as a matter of law, that he maintained the property in a reasonably safe condition and did not have actual or constructive notice of the allegedly dangerous condition" (*Vincent v Landi*, 101 AD3d 1565, 1566 [2012]; *see Beckerleg v Tractor Supply Co.*, 107 AD3d 1208, 1209 [2013]). Here, defendant submitted an affidavit stating that the porch flooring appeared in sound structural condition and that, during his numerous visits to the premises in the months prior to the incident, the floorboards never exhibited any weakness, movement or other signs indicating a problem with their integrity. He further averred that there were no previous accidents or mishaps associated with the front porch floor during the 15 years that he owned and leased out the premises, nor had he received any complaints about the condition of the porch flooring or its integrity prior to this incident. Defendant also proffered plaintiff's own deposition testimony that she had repeatedly used the front porch during the four-month period immediately prior to her accident and never noticed anything dangerous or defective about the condition of the floorboards. This proof was sufficient to shift the burden to plaintiff to establish the existence of issues of fact requiring a trial (*see Timmins v Benjamin*, 77 AD3d 1254, 1254-1255 [2010]; *Raczes v Horne*, 68 AD3d 1521, 1522 [2009]; *Reid v Schalmont School Dist.*, 50 AD3d 1323, 1324-1325 [2008]).

On the issue of notice, plaintiff submitted an affidavit from a tenant living at the premises at the time of the accident, who stated that he had complained to defendant about the condition of the porch on three separate occasions prior to plaintiff's fall. More specifically, this individual averred that he had informed defendant that the porch floorboards were rotting, unsafe and would bend under his weight and that, in reply to one of his complaints, defendant acknowledged the problems associated with the front porch flooring and stated, "I'll get to it." Although this tenant's affidavit is patently inconsistent with plaintiff's deposition testimony regarding the appearance and condition of the porch flooring, as well as defendant's assertion that he had not received any complaints concerning the floor, a court may not assess credibility on a summary judgment motion "unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]; *see Asabor v Archdiocese of N.Y.*, 102 AD3d 524, 527 [2013]; *Conciatori v Port Auth. of N.Y. & N.J.*, 46 AD3d 501, 503 [2007]; *Rifenburgh v Wilczek*, 294 AD2d 653, 655 [2002]; *compare Valenti v Exxon Mobil Corp.*, 50 AD3d 1382, 1384 [2008]). As Supreme Court properly concluded, no such finding can be made here.

Moreover, factual issues exist as to proximate cause. As for defendant's argument that the claimed defects in the porch floorboards merely furnished the condition for the occurrence of plaintiff's accident but was not one of its causes, a jury could reasonably conclude that defendant's alleged negligence indeed "put in motion the agency by which the injuries were inflicted" (*Benaquista v Municipal Hous. Auth. of City of Schenectady*, 212 AD2d 860, 861 [1995] [internal quotation marks and citation omitted]; *accord Lockhart v Adirondack Tr. Lines*, 289 AD2d 686, 690 [2001]; *compare Ortiz v Jimtion Food Corp.*, 274 AD2d 508 [2000]; *Button v Rainbow Prods. & Servs.*, 234 AD2d 664, 665 [1996]). Nor do we find that, as a matter of law, plaintiff's conduct in attempting to step over the opening created by the broken floorboards upon extricating her right leg therefrom constitutes "intervening conduct [that] was extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [defendant's] conduct" (*Nash v Fitzgerald*, 14 AD3d 850, 851 [2005] [internal quotation marks and citations omitted]). Plaintiff testified that she believed she could successfully step over the broken floorboards and resulting opening and, although it may have been possible for her to have instead placed her foot to the side of the opening after removing her leg from it, this simply is not a case "where the plaintiff recognized the

danger and chose to disregard it, thus rendering [her] conduct the sole proximate cause" of her injuries (*Skibinski v Salvation Army*, 307 AD2d 427, 428 [2003]; *accord Neissel v Rensselaer Polytechnic Inst.*, 54 AD3d 446, 452 [2008], *lv denied* 11 NY3d 716 [2009]; *Nash v Fitzgerald*, 14 AD3d at 852). Rather, any such negligence on the part of plaintiff amounts only to comparative negligence not rising to the level of a superceding cause (*see Alexander v St. Mary's Inst.*, 78 AD3d 1475, 1476 [2010]; *Page v State of New York*, 72 AD3d 1456, 1459 [2010]; *Nash v Fitzgerald*, 14 AD3d at 852; *Skibinski v Salvation Army*, 307 AD2d at 428; *Mesick v State of New York*, 118 AD2d 214, 218 [1986], *lv denied* 68 NY2d 611 [1986]).

Defendant's remaining contention, that the complaint should have been dismissed for failure to state a cause of action, has been reviewed and found to be lacking in merit.

Stein, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.