# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

626
CA 14-02028
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CAROL M. STONE AND ROGER E. STONE,
PLAINTIFFS-APPELLANTS,

V                                                 MEMORANDUM AND ORDER

JESSE D. NEUSTRADTER AND CRAIG E. BRITTIN,
DEFENDANTS-RESPONDENTS.

---

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (PHILIP J. O'SHEA, JR., OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

TIFFANY L. D'ANGELO, ROCHESTER, FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 14, 2014. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Carol M. Stone (plaintiff) when her bicycle collided with the bicycle of her husband, Roger E. Stone (husband), after he took evasive action to avoid a vehicle driven by defendant Jesse D. Neustradter (driver) and owned by defendant Craig E. Brittin (owner). From the driveway of the owner's residence, the driver approached the road on which plaintiffs were bicycling and stopped. He looked right, then looked left, and to his left he observed the bicycles colliding. It is undisputed that the vehicle did not make contact with either of the plaintiffs or their bicycles. Following discovery, defendants moved for summary judgment dismissing the complaint on the grounds that the driver was not negligent, the sole proximate cause of the accident was the "uncontrolled" operation of the bicycle ridden by the husband, and plaintiff assumed the risk of bicycling.

We agree with plaintiffs that Supreme Court erred in granting the motion. We conclude that defendants failed to meet their burden of establishing as a matter of law that the driver was not negligent or that his actions were not a proximate cause of the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Specifically, defendants' submissions failed to eliminate all questions of fact whether the driver was negligent in encroaching onto

the shoulder of the road, thereby blocking the pathway of the oncoming bicycles, or in operating the vehicle as it approached the road from the driveway that was partially obscured by landscaping. Defendants therefore also failed to establish as a matter of law that the husband's operation of his bicycle was the sole proximate cause of the accident. Defendants' submissions included the deposition testimony of the husband, who testified that he was bicycling just ahead of plaintiff, with both of them traveling to the right of the white fog line in a "bike lane." The husband further testified that plaintiffs were descending a hill when he saw the vehicle moving in the driveway approximately 15 feet ahead of them, and that the vehicle moved past the end of the driveway approximately two feet into the "bike lane." He also testified that when he first saw the vehicle, he yelled to the driver as loud as he could to alert the driver to their presence. He then veered to the left for fear of being struck by the vehicle, and plaintiff's bicycle struck his bicycle. After the bicycles collided, he yelled at the driver and occupants of the vehicle for "barreling out of [the] driveway" without looking. We conclude that there are questions of fact whether the driver was driving in a reasonable manner and whether the driver's actions set off a chain of events that caused the husband to take action in evading the vehicle, which led to the collision between the plaintiffs' bicycles (*see Sheffer v Critoph*, 13 AD3d 1185, 1186; *see generally Tutrani v County of Suffolk*, 10 NY3d 906, 907). We agree with plaintiffs that the lack of contact between a bicycle and the vehicle would not preclude a factual finding that the driver was negligent in his operation of the vehicle and that any such negligence proximately caused the accident (*see Tutrani*, 10 NY3d at 907).

Finally, we conclude that "assumption of the risk does not apply to the fact pattern in this appeal, which does not fit comfortably within the parameters of the doctrine" (*Custodi v Town of Amherst*, 20 NY3d 83, 89).

Entered:  June 19, 2015                    Frances E. Cafarell
                                            Clerk of the Court