Jackson v Rumpf (2019 NY Slip Op 08291)





Jackson v Rumpf


2019 NY Slip Op 08291


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


837 CA 18-02138

[*1]YOLANDA JACKSON, PLAINTIFF-RESPONDENT,
v
JOYCE RUMPF, DEFENDANT-APPELLANT. 






TREVETT CRISTO, P.C., ROCHESTER (ALAN J. DEPETERS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PULLANO & FARROW, ROCHESTER (CHRISTIAN VALENTINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered June 1, 2018. The order granted those parts of the motion of plaintiff seeking summary judgment on the issues of negligence and sole proximate cause and seeking summary judgment dismissing the first, third, fifth through seventh, ninth and tenth affirmative defenses. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking summary judgment on the issues of negligence and sole proximate cause of the accident and seeking summary judgment dismissing the first affirmative defense and reinstating that affirmative defense, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a tenant in a property owned by defendant, commenced this premises liability action seeking damages for injuries she sustained when she fell outside her apartment after she allegedly stepped on a loose piece of asphalt from the driveway. Supreme Court, inter alia, granted those parts of plaintiff's motion seeking summary judgment on the issues of defendant's negligence and whether defendant's negligence was the sole proximate cause of the accident. The court also granted those parts of plaintiff's motion seeking summary judgment dismissing defendant's first affirmative defense, that the accident was caused by the culpable conduct of plaintiff, the seventh affirmative defense, that plaintiff failed to state a cause of action, and the tenth affirmative defense, that defendant lacked notice of the alleged dangerous condition.
We agree with defendant that the court erred in granting those parts of plaintiff's motion seeking summary judgment on the issues of negligence and sole proximate cause of the accident, and we therefore modify the order accordingly. " A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition' " (Basso v Miller, 40 NY2d 233, 241 [1976]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; see Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012]), and the existence of a defect or dangerous condition " is generally a question of fact for the jury' " (Trincere, 90 NY2d at 977; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]; Tesak v Marine Midland Bank, 254 AD2d 717, 717-718 [4th Dept 1998]).
Viewing the evidence in the light most favorable to defendant, the nonmoving party (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), we conclude that plaintiff failed to meet her prima facie burden on the motion of establishing as a matter of law that defendant was negligent in permitting a dangerous or defective condition to exist on the premises (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see also CPLR 3212 [b]). Plaintiff testified at her [*2]deposition that she "stepped on a piece of the driveway" that was "maybe the size of a tennis ball if you were to cut it in half and it was flat." Plaintiff did not photograph or preserve the piece of asphalt that allegedly caused her to fall, however, and we conclude that her testimony created an issue of fact whether the alleged defect on the property was "trivial and nonactionable as a matter of law" (Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1226 [3d Dept 2016]; see generally Hahn v Wilhelm, 54 AD3d 896, 898 [2d Dept 2008]). Inasmuch as plaintiff failed to establish that defendant was negligent in permitting a dangerous or defective condition to exist on the premises, she also "failed to establish as a matter of law that [defendant's negligence] was the sole proximate cause of the accident" (Stone v Neustradter, 129 AD3d 1615, 1616 [4th Dept 2015]).
Furthermore, even assuming, arguendo, that plaintiff's submissions were sufficient to establish the existence of a dangerous or defective condition, we conclude that defendant raised a triable issue of fact by submitting evidence that the driveway was not in a dangerous or defective condition at the time of the accident. Specifically, defendant submitted photographs of the driveway showing that it was in a reasonably safe condition, and she submitted United States Department of Housing and Urban Development (HUD) inspection reports for the property that established that the property had passed annual HUD inspections from 2012 through 2015, which included the date of plaintiff's accident in August 2014 (see generally Hutchinson, 26 NY3d at 82; Grefrath v DeFelice, 144 AD3d 1652, 1653-1654 [4th Dept 2016]).
We also agree with defendant that the court erred in granting that part of the motion seeking summary judgment dismissing her first affirmative defense, that the accident was caused by the culpable conduct of plaintiff, and we therefore further modify the order accordingly. Plaintiff had the initial burden of establishing that the defense "is without merit as a matter of law" (Humphreys v 201 Mar. Ave., LLC, 17 AD3d 532, 533 [2d Dept 2005]; see generally Skibinski v Salvation Army, 307 AD2d 427, 428 [3d Dept 2003]). Here, plaintiff failed to meet that burden because her own deposition testimony that she "didn't really pay attention" to the driveway or the surrounding area prior to the accident raised an issue of fact whether plaintiff's conduct was a proximate cause of the accident inasmuch as she walked down the porch stairway onto uneven ground in the middle of the night without using due care (see generally Skibinski, 307 AD2d at 428).
We have considered defendant's remaining contentions and conclude that they are without merit.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court