Arias v Sanitation Salvage Corp. (2021 NY Slip Op 06534)





Arias v Sanitation Salvage Corp.


2021 NY Slip Op 06534


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 302277/15 Appeal No. 14679-14680-14680A Case No. 2021-00639, 2020-03786, 2020-03995 

[*1]Robert Arias, Plaintiff-Respondent,
v
Sanitation Salvage Corp., Defendant-Appellant, S.M.H.S. Realty Corp., et al., Defendants. [And a Third-Party Action.]
S.M.H.S. Realty Corp., Third-Party Plaintiff-Respondent-Appellant, Madelein Title, Third-Party Plaintiff,
v
The Lobster Place Inc., Third-Party Defendant-Appellant-Respondent.


Law Offices of Cheng & Associates PLLC, Long Island City (Pui C. Cheng of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City (Howard B. Altman of counsel), for appellant-respondent.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for respondent-appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 15, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Sanitation Salvage Corp.'s (Sanitation) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 19, 2020, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff S.M.H.S. Realty Corp.'s (SMHS) motion for summary judgment dismissing the complaint as against it and on its third-party contractual indemnification claim against third-party defendant Lobster Place Inc. (Lobster), unanimously modified, on the law, to grant SMHS's motion as to dismissing the complaint against it, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about August 19, 2020, which, to the extent appealed from as limited by the briefs, denied Lobster's motion for summary judgment dismissing the complaint as against SMHS and the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against SMHS and the third-party complaint.
Plaintiff commenced this action to recover for personal injuries that he sustained when he slipped and fell on a piece of fish skin on the ground at Lobster, a wholesale seafood processing and distribution facility, at which he was employed as a delivery driver. At all relevant times, SMHS owned the property, which it leased to Lobster, and Lobster contracted with Sanitation to perform garbage removal services. Plaintiff testified that his accident occurred on the sidewalk abutting Lobster after Sanitation had performed its morning garbage removal services, during which, he alleges, it dropped the fish skin on the ground.
Sanitation established prima facie that it neither caused the fish skin to be on the ground nor had notice that it was there (see generally Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). In opposition, plaintiff raises an issue of fact. Plaintiff testified that he slipped on a salmon skin on the sidewalk. The accident occurred shortly after Sanitation was at the premises to remove organic waste, which included fish remains. Notwithstanding Sanitation's claims that it did not drop fish remains the morning of the accident, Lobster's owner testified that there were occasions that garbage would end up on the street after trash pick-ups. This is sufficient circumstantial evidence to have the trier of fact decide the issue. Moreover, this conclusion is reached without considering the contested issues surrounding the Bonilla statement. If Sanitation is found to have dropped the salmon skin on the sidewalk, then there is duty to plaintiff under Espinal v Melville Snow Contrs. (98 NY2d, 136 [2002]) because Sanitation, in failing to exercise reasonable care in the [*2]performance of its duties, launched a force or instrument of harm.
SMHS also established prima facie that it cannot be held liable for plaintiff's injuries on the ground that it negligently maintained a trench drain at the premises near where plaintiff's accident occurred, which caused the drain to become clogged and overflow, pushing fish debris (which the record demonstrates was driven into various drains whenever Lobster hosed down the floors) onto the sidewalk and into the street. SMHS, an out-of-possession landlord, was not contractually obligated to maintain the premises (see Reyes v Morton Williams Associated Supermarkets, Inc., 50 AD3d 496, 497 [1st Dept 2008]).Although its lease with Lobster did not demise to Lobster "the pipes, ducts, conduits, wires, fixtures and equipment, the structural elements which serve the Demised Premises," SMHS and Lobster's course of conduct establishes that Lobster was responsible for maintaining and repairing the trench drain (see generally Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011]). Moreover, although the lease afforded SMHS a contractual right of reentry to make needed repairs, liability would not be predicated on "'a significant structural or design defect that is contrary to a specific statutory provision'" (Reyes, 50 AD3d at 497).
Nor can SMHS be held liable for plaintiff's injuries under Administrative Code of City of NY § 7-210, which imposes a nondelegable duty on land owners to maintain their sidewalks in a reasonably safe condition by, inter alia, removing "snow, ice, dirt or other material from the sidewalk" (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 174 [2019]). SMHS established prima facie that it neither created the hazardous condition nor had actual notice of it or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). It submitted the testimony of a coworker of plaintiff's that on the morning of plaintiff's accident, he did not see, and no one reported to him, that the drains overflowed; that he had walked past the drains when he arrived at work that morning and had not seen them clogged or overflowing; that no one reported to him that the drains had become clogged or overflowed the night before the accident; and that he did not see the drains clogged or overflowing the day before plaintiff's accident. In opposition, plaintiff submitted no evidence that the trench drain overflowed on the morning of his accident.
In view of the absence of record evidence of negligence on Lobster's part, the third-party claim for contractual indemnification should be dismissed. The contractual indemnification agreements in the lease between SMHS and Lobster required Lobster to indemnify SMHS for claims arising out of Lobster's acts, omissions, or negligence; they are not triggered by "the routine performance of plaintiff's duties on the job" as a Lobster employee, "or his mere presence [*3]on the site" (Gentile v Merrill Lynch, Pierce, Fenner & Smith, Inc., 9 Misc 3d 111, 112 [App Term, 1st Dept 2005]).
As SMHS neither opposed Lobster's motion for summary judgment dismissing the third-party claims for common-law indemnification and contribution nor defends them on appeal, those claims are dismissed as abandoned (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021